ACCEPTED
04-14-00521-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
2/19/2015 2:29:34 PM
KEITH HOTTLE
CLERK

IN THE COURT OF APPEALS FOR THE
FOURTH DISTRICT OF TEXAS
AT SAN ANTONIO, TEXAS

NO. 04-14-00521-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
02/19/2015 2:29:34 PM
KEITH E. HOTTLE
Clerk

MEDINA INTERESTS, LTD., Appellant

V.

WILLIAM PAUL TRIAL, CHARLES BALLARD TRIAL, ET AL, Appellees
Appellees

On Appeal from the 218th Judicial District Court
of Karnes County, Texas, No. 13-04-00098,
the Honorable Stella Saxon, Presiding

APPELLEES, WILLIAM PAUL TRIAL, CHARLES BALLARD TRIAL, ET AL'S
RESPONSE TO BRIEF

David L. Cunningham
State Bar No. 00787314
Hayden & Cunningham, PLLC
7750 Broadway
San Antonio, Texas 78209
(210) 826-7750 Telephone
(210) 822-0916 Facsimile


Attorneys for Appellees,
William Paul Trial, Charles Ballard Trial,
Et Al

ORAL ARGUMENT REQUESTED

**MEDINA INTERESTS, LTD., Appellant**

**V.**

**WILLIAM PAUL TRIAL, CHARLES BALLARD TRIAL, ET AL, Appellees**
**Appellees**

**On Appeal from the 218th Judicial District Court**
**of Karnes County, Texas, No. 13-04-00098,**
**the Honorable Stella Saxon, Presiding**

---

## CERTIFICATE OF PARTIES AND ATTORNEYS

---

In order that the members of this Court may determine disqualification and recusal under the Texas Rules of Appellate Procedure 38.1, appellant certifies that the following is a complete list of the parties, attorneys, and other persons with a financial interest in the outcome of this lawsuit:

1.  William Paul Trial
    Charles Ballard Trial
    Judy Gonzales
    Joseph Allen Trial
    Sherri Chack-On
    Deonne Poston
    Dan Trial
    Marcia Trial
    Sharon McCulloch
    Debora "Debbie" Albritton
    Glenn Barnett
    Loretta "Lori" M. Ford
    Jimmy Ray Trial
    Theiry Tim Trial
    Linda Wiatrek
    Jeffrey Bouldin

Margaret Little
Kenneth Lyssy
Yvonne Janacek
Joseph Russell Trial
Michael Trial
c/o Hayden & Cunningham, PLLC
7750 Broadway
San Antonio, Texas 78209
Appellees

2.    David L. Cunningham
      Attorney for Appellees
      7750 Broadway
      San Antonio, Texas 78209
      Appellees Counsel

3.    Medina Interests, Ltd.
      c/o Burleson LLP
      Attn: Brandy R. Manning
      223 W. Wall Street, Suite 400
      Midland, Texas 79701
      Appellant

4.    Brandy R. Manning
      Burleson LLP
      223 W. Wall Street, Suite 400
      Midland, Texas 79701
      Appellant's Counsel

5.    Matthew S. Brysacz
      Burleson LLP
      112 E. Pecan Street, Suite 700
      San Antonio, Texas 78205
      Appellant's Counsel

IN THE COURT OF APPEALS FOR THE
FOURTH DISTRICT OF TEXAS
AT SAN ANTONIO, TEXAS

NO. 04-14-00521-CV

---

**MEDINA INTERESTS, LTD., Appellant**

**V.**

**WILLIAM PAUL TRIAL, CHARLES BALLARD TRIAL, ET AL, Appellees**
**Appellees**

---

On Appeal from the 218th Judicial District Court
of Karnes County, Texas, No. 13-04-00098,
the Honorable Stella Saxon, Presiding

---

**REQUEST FOR ORAL ARGUMENT**

---

Appellees, WILLIAM PAUL TRIAL, CHARLES BALLARD TRIAL, MARY CUNNINGHAM, JUDY GONZALES, JOSEPH ALLEN TRIAL, JOHN TRIAL, SHERRI CHACK-ON, DEONNE POSTON, DAN TRIAL, MARCIA TRIAL, SHARON McCULLOCH, DEBORA "DEBBIE" ALBRITTON, GLENN BARNETT, LORETTA "LORI" M. FORD, JIMMY RAY TRIAL, THEIRY TIM TRIAL, LINDA WIATREK, JEFFREY BOULDIN, MARGARET LITTLE, KENNETH LYSSY, YVONNE JANACEK, JOSEPH RUSSELL TRIAL and MICHAEL TRIAL request an oral argument in this case.

# TABLE OF CONTENTS

NAMES OF PARTIES ...................................................................................................i
REQUEST FOR ORAL ARGUMENT.........................................................................iii
TABLE OF CONTENTS..............................................................................................iv
INDEX OF AUTHORITIES...........................................................................................v
INTRODUCTION...........................................................................................................1
STATEMENT OF THE CASE........................................................................................1
ISSUES PRESENTED.....................................................................................................2
STATEMENT OF FACTS...............................................................................................2

REPLY TO ISSUE ONE (Restated)..................................................................2 and 11

Whether "an undivided interest in the 1/8th royalties paid to the landowner(s) upon production of oil, gas and other minerals" reserved a fixed 1/8th royalty or a floating royalty interest in the 1949 deed in question?

REPLY TO ISSUE TWO (Restated)...................................................................2 and 17

Whether the 1949 deed in question should be construed against the Grantor?

CONCLUSION................................................................................................................18

PRAYER.........................................................................................................................19

CERTIFICATE OF SERVICE.......................................................................................20

APPENDIX.....................................................................................................................21

1.    Summary Judgment.
2.    1949 Deed.

# INDEX OF AUTHORITIES

## CASES

*Valance Operating Company v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)..............................10

*Altman v. Blake*, 712 S.W.2d 117-118 (Tex. 1986)................................................................11

*Heritage Res., Inc. v. Nations Bank*, 939 S.W.2d 118, 121 (Tex. 1996)...................................11

*Dalhbert v. Holden*, 238 S.W.2d 699, 701 (Tex. 1951)..........................................................11

*Graham v. Prochaska*, 429 S.W.3d 650, 655 (Tex. App.-San Antonio 2013, petition filed)....11

*Moore v. Noble*, 374 S.W.3d 644, 647-648 (Tex. App.-Amarillo 2012, no petition)................12

*Dawkins v. Hysaw,* _____ S.W.3d _____ (Tex. App.-San Antonio, 2014, no petition history)..............................................................................................................12

*Graham v. Prochaska*, 429 S.W.3d 650, 655 (Tex. App.-San Antonio 2013, petition filed)....13

*Kelly-Copelage, Inc. v. Highlands Insurance*, 980 S.W.2d 462, 465 (Tex. 1998).................14

*National Union Fire Insurance Co. v. CBI Industries*, 907 S.W.2d 517, 520 (Tex. 1995).......14

*Hunton v. Guardian Life Insurance Co. of America*, 243 S.W.2d 686, 708 (Southern District of Texas 2002)..........................................................................................................14

*R&P Enterprises v. Laguarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517, 518 (Tex. 1980)............14

*J.M. Davidson v. Webb*, 128 S.W.3d 223 (Tex. 2003)............................................................14

*Hewlitt-Packard Co. v. Benchmark Elec's, Inc.*, 142 S.W.3d 554, 561 (Tex. App.-Houston [14th Dist.] 2004..........................................................................................................15

*Columbia Gas v. New Ulm Gas*, 940 S.W.2d, 587, 589 (Tex. 1998)...............................15

*Universal CIT Credit*, 243 S.W.2d at 154............................................................................15

*Frobau v. Aetna Life Insurance*, 879 S.W.2d 132, 134 (Tex. 1994)................................15

*Columbia Gas*, 940 S.W.2d at 589.............................................................15

*Balandran v. Safeco Insurance*, 972 S.W.2d 738 (Tex. 1998).........................15

*Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983).......................................15

*Cooke Composites, Inc. v. Westlake Styrene*, 15 S.W.3d 124, 131 (Tex. App.-Houston [14th

Dist.] 2002.............................................................................15

*Esquivel v. Murray Guard, Inc.*, 992 S.W.2d 536, 544 (Tex. App.-Houston

[14th Dist.] 1999......................................................................15

*Universal CIT Credit Corp. v. Daniel*, 243 S.W.2d 154, 158 (Tex. 1951)..........16

*State Farm Ins. v. Beaston*, 907 S.W.2d 430 (Tex. 1995)...............................16

*Western Reserved Life Insurance Co. v. Meadows*, 261 S.W.2d 554, 564 (Tex. 1953)..........16

*Tittizer v. Union S Corporation*, 171 S.W.3d 857, 860 (Tex. 2005)....................17

*Anadarko Petroleum Corp. v. Thompson*, 94 S.W.3d 550, 554 (Tex. 2002).......................17

*Cherokee Water Co. v. Forderhause*, 641 S.W.2d 522, 525 (Tex. 1992)...........18

*Anadarko*, 94 S.W.3d at 554.............................................................18

*Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983).......................................18

IN THE COURT OF APPEALS FOR THE
FOURTH DISTRICT OF TEXAS
AT SAN ANTONIO, TEXAS

NO. 04-14-00521-CV

_____

MEDINA INTERESTS, LTD., Appellant

V.

WILLIAM PAUL TRIAL, CHARLES BALLARD TRIAL, ET AL, Appellees
Appellees

On Appeal from the 218th Judicial District Court
of Karnes County, Texas, No. 13-04-00098,
the Honorable Stella Saxon, presiding

_____

APPELLEES RESPONSE TO PLAINTIF'S BRIEF

_____

TO THE COURT OF APPEALS:

Appellees, William Paul Trial, Charles Ballard Trial, Et Al (hereinafter "Trial"),

submit this Response Brief in appeal of the Final Judgment filed by Medina Interests, Ltd.

(hereinafter "Medina"). This Appeal is from the 218th Judicial District Court of Karnes

County, the Honorable Stella Saxon, presiding, in which Appellees were the Defendants,

and Appellant was the Plaintiff.

STATEMENT OF THE CASE

*A Nature of the Case.* This case concerns the proper interpretation of a deed

reservation; specifically, whether the phase "1/8th royalties paid to the land owners upon

production of oil, gas and other minerals" reserved a fixed or floating royalty.

1

*Trial Court Disposition.* The Honorable Stella Saxon, 218th Judicial District Court, Karnes County, Texas, granted the Appellees Motion for Summary Judgment and denied Appellant's Cross-Motion for Partial Summary Judgment. See Appendix A.

## ISSUES PRESENTED FOR REVIEW

ISSUE ONE

Whether "an undivided interest in the 1/8th royalties paid to the landowner(s) upon production of oil, gas and other minerals" reserved a fixed 1/8th royalty or a floating royalty interest.

ISSUE TWO

Whether the 1949 deed should be construed against the Grantor.

## STATEMENT REGARDING ORAL ARGUMENT

Appellees request oral argument. Appellees believe oral argument would aid the Court in the resolution of this case.

## RECORD REFERENCES

The Court's record will be referred to as "CR _____" references to documents contained in the Appendix will be referenced as "App. _____".

## STATEMENT OF FACTS

For many years, Annie Trial and her eight (8) children owned the entire surface and mineral estate in a 278 acre tract of land in Karnes County, Texas (the "Property"). CR 106, CR 228 and CR 279. On September 1, 1949, Mrs. Annie Trial and her eight (8) children executed a Warranty Deed ("the 1949 Deed"), that conveyed the surface rights in the Property to two (2) of the eight (8) children, being Alex Trial and Leo Trial, in equal

2

shares. *Id.* The 1949 Deed also reserved the oil and gas royalties in the entirety of the

Property to the eight (8) children (grantors and grantees), but excluded their mother, Annie

Trial.

The 1949 Deed contains the following provisions, among others:

"There is reserved to each of *us* signing this deed except Annie Trial, *our* undivided interest in and to the 1/8 *royalties* paid the land owner upon production of oil, gas, and other minerals from said 278 acre tract of land hereby conveyed, and this royalty interest reserved to each of *us* shall be non-participating and perpetual."

"It is agreed and here stipulated that the 1/8th *royalties* paid the land owner upon the production of oil, gas or other minerals is hereby pooled among all the grantors and grantees to this deed, except grantor, Mrs. Annie Trial who shall not participate in said *royalties*, and in case of the production of oil, gas or other minerals from said land, each of the Trial heirs named above, except the said Mrs. Annie Trial, shall share in said *royalties* equally."

"It is understood that the said Leo Trial and Alex Trial shall have the right to lease said tract of land for oil, gas or other minerals, without the joinder of the grantors herein or, their heirs or assigns, and that said grantees shall have the right to collect the bonus moneys and delay rentals arising out of said minerals leases, but in case of production of oil, gas or other minerals from said tract of land in paying quantities *each of the Trial Heirs*, either grantor or grantees, except Mrs. Annie Trial shall share equally in said pooled royalties."

"Of course Mrs. Lyssy and her said husband shall only receive one share, and Mrs. Barnett and her husband, one share of said pooled royalties, and Mrs. Annie Trial shall not receive any part of said pooled royalties."

"TO HAVE AND TO HOLD the above described premises, together with all and singular, the rights and appurtenances hereto in anywise belonging unto the said Leo Trial and Alex Trial, share and share alike, subject to such reserved royalty interest, their heirs and assigns forever, and we do hereby bind ourselves, our heirs, executors and administrators to Warrant and Forever defend all and singular the said premises unto Leo Trial and Alex Trial, their heirs, assigns, against every person whomsoever is lawfully claiming, or claim the same or any part thereof."

Accordingly, Mrs. Annie Trial disposed of her entire interest in the property in the

unambiguous 1949 Deed. In particular, in five instances, the 1949 Deed specifically

3

excludes Mrs. Annie Trial from retaining or receiving any interest in the royalties on the property. Specifically, it states:

1. "There is reserved to each of them **EXCEPT MRS. ANNIE TRIAL** our undivided interest in and to the 1/8 royalty paid to the land owner upon the production of oil, gas and other minerals."

2. "It is agreed and here stipulated that the 1/8 royalty paid the land owner upon the production of oil, gas and other minerals is hereby pooled among all grantors and grantees to this deed, **EXCEPT GRANTOR, MRS. ANNIE TRIAL WHO SHALL NOT PARTICIPATE IN SAID ROYALTIES**."

3. "And in the case of production of oil, gas or other minerals from said tract of land, each of the Trial heirs named above **EXCEPT THE SAID MRS. ANNIE TRIAL**, shall share in said royalties equally."

4. "But in case of production of oil, gas or other minerals, from said tract of land in paying quantities each of the Trial heirs, either grantor or grantee, **EXCEPT MRS. ANNIE TRIAL**, shall share equally in said pooled royalties."

5. "Of course Mrs. Lyssy and said husband, shall only receive one share and Mrs. Barnett and said husband, one share of said pooled royalties **AND MRS. ANNIE TRIAL SHALL NOT** receive any part of said pooled royalties."

These exclusions evidence the decision of Mrs. Annie Trial to dispose of her entire interest in the Property. Therefore, Mrs. Annie Trial intended and did, in fact, transfer 100% of her interest to her eight (8) children.

4

The term "royalty" as used in the 1949 Deed is does convey, and is interpreted reasonably to convey, all interest to the eight (8) Trial "children" (grantor and grantee). In particular, Mrs. Annie Trial specifically excluded herself from the reservation as demonstrated above. The 1949 Deed is explicit and Mrs. Annie Trial's interest is clear.

As can be seen throughout several citations to the excerpted parts of the 1949 Deed, Mrs. Annie Trial, as Grantor, was careful to express her intention and meaning by specifically excluding any reservation or grant to herself of any interest in said property.

The repeated use of the exclusion language to purposely not reserve any interest to Mrs. Annie Trial, as Grantor, could not possibly be interpreted as reserving a single fixed 1/8 interest as contended by Appellant. To the contrary, Mrs. Annie Trial's intent was to transfer one-hundred percent of her royalty interest in the property to her eight (8) children.

**"There is reserved to each of the children, Augustine Trial Barnett, Glenn W. Barnett, Louise Trial Lyssy, Emil Lyssy, Albertine Trial, Annie Trial, Valentine J. Trial, William J. Trial, Ernest T. Trial, except Mrs. Annie Trial, our undivided interest in and to the 1/8 royalties paid the landowner upon the production of oil, gas and other minerals."** (emphasis added)

The language "UNDIVIDED INTEREST" in this sentence specifically evidences the intent by Mrs. Trial that the eight children, Alex Trial, Leo Trial, William Trial, Ernest Trial, Valentine Trial, Louise Lyssy, Augustine Barnett and Albertine Trial were reserved an undivided interest in and to all of the royalties owned by Mrs. Annie Trial.

**"IT IS AGREED AND STIPULATED that the 1/8 royalties paid the land owner upon the production of oil, gas and other minerals is hereby pooled among the grantors**

5

and grantees to this Deed, except Mrs. Annie Trial who shall not participate."
(emphasis added)

Although the language in the 1949 Deed does not include the term "usual" or "customary", the chosen words certainly describe the "usual" or "customary" royalty interest in its entirety and denotes it is pooled among all the grantors and grantees, except as to Mrs. Annie Trial. Consequently, the clear words of the 1949 Deed show the royalty interest was transferred in its entirety to the eight children, Alex Trial, Leo Trial, William Trial, Ernest Trial, Valentine Trial,, Louise Lyssy, Augustine Barnett and Albertine Trial.

**"But in the case of production of oil, gas or other minerals from said tract, each of said heirs named above except Mrs. Annie Trial "SHALL SHARE IN SAID ROYALTIES EQUALLY."**

The language stating parenthetically that the eight children "shall share in said royalties equally to the exclusion of Annie Trial" supports the intent of Mrs. Annie Trial to not have any remaining interest in the 1949 Deed.

**"but in the case of production of oil, gas and other minerals from said tract of land paying quantities of each of the Trial heirs either Grantor or Grantee, except Mrs. Annie Trial, SHALL SHARE EQUALLY IN SAID POOLED ROYALTIES."**

This language confirms that Mrs. Annie Trial is not entitled to share in the pooled royalties as she is no longer reserved or retained and interest for herself.

**"Of course Mrs. Lyssy and her husband shall only receive "ONE SHARE and Mrs. Barnett and her husband, ONE SHARE of said pooled royalties, and Mrs. Annie Trial shall not receive any part of said pooled royalties."**

6

Consequently, each of the Trial heirs that signed the 1949 Deed, except for Mrs. Annie Trial, were transferred their undivided interest in the form of shares of royalty interest. Therefore, Mrs. Annie Trial could not have retained any additional interest as it was disposed of in its entirety in the 1949 Deed.

**"TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in any wise belonging unto said Leo Trial and Alex Trial, share and share alike, SUBJECT TO SUCH RESERVED ROYALTY INTEREST their heirs and assigns for forever.**

The language "subject to such reserved royalty interest" supports the conclusion that Mrs. Annie Trial's royalty interest as a whole was transferred to her heirs in its entirety to share equally between the eight (8) children.

Appellant attempts to apply presumptions favoring the grantee (and ultimately, the Appellant) and also to the conveyance that do not apply to the 1949 Deed due to the exclusionary language used by Mrs. Annie Trial, as Grantor. The Appellant does so in a failed effort to justify its strained interpretation of the 1949 Deed "that the royalty reserved in the 1949 Deed was the grantors portion of a single fixed $1/8^{th}$ non-participating royalty". Candidly, the inquiry in this case does not require such a discussion of the refined and subtle distinctions between a reservation and an exception in a deed.

The true intention of Mrs. Annie Trial is clearly and affirmatively expressed repeatedly in the language of the deed as excluding any reservation to her. The granting clause specifies the grantor, Mrs. Annie Trial, is conveying "all right, title and interest in and

7

to a 278 acre tract of land out of the S. Seguin tract, in Karnes County, Texas being the second tract set aside J.P.H. Trial by partition deed, and described as follows, to wit:-". This language signals or points forward to what immediately follows in the instrument, a description of the tract of land as a whole.

Next in order comes the reservation clause which redirects us back to the same land described as a whole. The language is instructive and clear:

"There is reserved to each of us signing this deed, **except Mrs. Annie Trial**, our undivided interest in and to the 1/8 royalty paid the land owner upon the production of oil, gas and other minerals from said 278 acre tract of land hereby conveyed and this royalty interest reserved to each of us shall be non-participating and perpetual."

"It is agreed and stipulated that the 1/8 royalties paid the land owner upon production of oil, gas and other minerals is hereby pooled among all the grantors and grantees to this deed, **except Mrs. Annie Trial** who shall not participate in said royalties, and in case of the production of oil, gas or other minerals from said tract of land, each of the trial heirs named above, **except the said Mrs. Annie Trial**, shall share in said royalties equally."

"It is understood that the said Leo Trial and Alex Trial shall have the right to lease said tract of land for oil, gas or other minerals, without the joinder of the grantors herein, or their heirs or assigns, and said grantees shall have the right to collect the bonus moneys and delay rentals arising out of said mineral leases, but in case of production of oil, gas or other minerals from said tract of land in paying quantities each of the Trial Heirs, either grantor or grantee, **except Mrs. Annie Trial**, shall share equally in said pooled royalties."

"Of course Mrs. Lyssy and her said husband shall only receive one share, and Mrs. Barnett and her husband, one share of said pooled royalties, and **Mrs. Annie Trial** shall not receive any part of said pooled royalties."

By the language used in the 1949 Deed, the contracting parties clearly designated the royalty and had in mind the entire acreage. Granted the terms of art, "usual and customary one-eighth royalty" were not used, which ordinarily would mean the dividend is the entire royalty from which the one-eighth portion was to be reserved. However, the contracting

8

parties clearly measured the interest conveyed in the granting clause in that the parties reserved nothing to Mrs. Annie Trial, such that the parties used the entire royalty of all the land as the quantity from which the fractional portion of the one-eighth should be derived. This method of computation resulted in a quotient of one-eighth of the royalty of the entire land. To conclude otherwise, the Appellant ignored the repeated exclusions of Mrs. Annie Trial of any reservation or grant, which cannot be done with any reasonable conscience in analyzing the clear language of the deed or in determining the intent of the contracting parties therefrom.

## PROCEDURAL HISTORY

The parties filed cross-motions for Summary Judgment, with Appellees moving for summary judgment that the 1949 Deed reserved a floating $1/8^{th}$ royalty interest, and Appellant moving for Partial Summary Judgment that the deed reserved a fixed 1/8th royalty interest. CR 229-245, 167-227. (Note: Had Appellant prevailed in the trial court, its claim for money had and received remained pending, but the court's ruling rendered the claim moot.) CR 15. The trial court denied Appellant's motion and entered Final Judgment that the 1949 Deed reserved a floating royalty interest to each of the eight (8) Trial children, so that each child or their successors-in-interest were and are entitled to a separate floating one-eighth (1/8th shared of any royalties provided in any existing or future lease). CR 347.

Appellant asked this Court to reverse and render the trial court's judgment that the 1949 Deed reserved a fixed 1/8th royalty to be divided among the Trial children and remand

9

for consideration of Appellant's claim for money had and received and for attorney's fees. Appellee asked this Court to affirm the trial Court's judgment.

## STANDARD OF REVIEW

This Court reviews the trial Court's summary judgment de novo. *Valance Operating Company v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When, as here, the parties filed cross-motions for Summary Judgment, and the trial Court grants one and denies the other, this Court reviews the summary judgment evidence presented by both parties and determined all issues presented. Id. The Court will render judgment that the trial Court should have rendered. Id.

## SUMMARY OF ARGUMENT

The plain language of the deed, "our undivided interest to the 1/8th royalties", unambiguously reserves a floating 1/8th royalty interest. CR 22. The record in this case contains extensive evidence to support the summary judgment in the Appellees favor. Thus, the judgment should be affirmed on appeal. In particular, based on the relevant rules of construction, the undisputed facts regarding the 1949 Deed and its component provisions, there is no ambiguity presented in the 1949 Deed. Consequently, the attempts by the Appellant to rewrite the 1949 Deed, strains the plain and ordinary language of the four corners of the document and should be given no effect. Thus, the Appellees are entitled to a summary judgment declaring that each of the eight (8) Trial children, whether grantors or grantees, except the mother, Annie Trial, in the 1949 Deed reserved their 1/8th of the royalty

10

interest in the entirety; and declaring that Annie Trial disposed of all her interest in the royalties.

**REPLY TO ISSUE ONE (Restated)**

Whether "an undivided interest in the 1/8th royalties paid to the landowner(s) upon production of oil, gas and other minerals" reserved a fixed 1/8th royalty or a floating royalty interest.

Answer: The 1949 Deed reserved a 1/8 floating royalty to each of the eight (8) Trial children. Thus, the summary judgment should be affirmed.

## ARGUMENT AND AUTHORITIES

The proper interpretation of an unambiguous instrument is a question of law for the Court; when, as here, the Court is faced with an unambiguous writing, the Court's primary duty is to ascertain the intention of the parties as expressed in the written instrument. *Luckel v. White*, 819 S.W.2d, 459, 461 (Tex. 1991); *Altman vs. Blake*, 712 S.W.2d 117-118 (Tex. 1986). Each word and phrase should be given as plain, ordinary and generally accepted meaning unless the deed itself shows it to be used in a technical sense. *Heritage Res., Inc. v. Nations Bank*, 939 S.W.2d 118, 121 (Tex. 1996). The Court must take the language as written---courts will not alter the parties bargain by edition, interpolation or substitution. *Dahlbert v. Holden*, 238 S.W.2d 699, 701 (Tex. 1951). Arbitrary rules of construction should not be applied absent ambiguity or irreconcilable conflict. *Graham v. Prochaska*, 429 S.W.3d, 650, 655 (Tex. App.-San Antonio 2003, petition filed).

Neither party alleges ambiguity. CR 5-79, 171. The sole issue before the Court is whether the deed reserved to each of the eight (8) Trial children and undivided interest in a fixed 1/8th royalty or a floating royalty. If the plain language of the reservation described a

11

"fixed" or "fractional" royalty interest, it entitles its owner to the stated fraction of the gross production, unchanged by the royalty term in the lease. *Moore v. Noble*, 374 S.W.3d 644, 647-648 (Tex. App.-Amarillo 2012, no petition). In contrast, the owner of a floating or factional royalty receives a fractional share equal to the stated fraction multiplied by the royalty reserved in the lease--it floats according the lease terms. *Id* at 647. Cases and commentary provide guidance as to whether particular language describes a fixed or floating royalty. See *Graham v. Prochaska*, 429 S.W.3d, 650, 655 (Tex. App.-San Antonio 2013, petition filed); *Dawkins v. Hysa*, _____, S.W.3d _____ (Tex. App.-San Antonio 2014, no petition history) (*citing* Patrick H. Martin and Bruce M. Kramer, Williams and Meyers, Oil and Gas Law Section 327.1 (Abridge 5th Ed. 2013).

The plain language of the 1949 Deed refers only to the "1/8th royalties". CR 22. The only way to read the deed as reserving anything other than a floating 1/8th royalty is to add language to it--something courts are not empowered to do.

Appellant is, without legal basis, attempting to rewrite the terms of the 1949 Deed, claiming that the Reservation contained therein is only a 1/8 total reservation of all grantors' interest, which is a strained and unreasonable reading of the 1949 Deed.

Specifically, the 1949 Deed reads in pertinent part: "there is **reserved to each of us** ...", "**our undivided interest**" in and to "**the 1/8 royalties**". Of consequence, the Reservation refers to "**royalties**", not "**royalty**", so the plain language indicates there are multiple 1/8th royalties being reserved. Without a doubt, each of the eight children retained their 1/8th royalty interest.

Likewise, the only reasonable reading of the phrase "there is reserved to each of **us** ... **our** undivided 1/8 interest", is that there are **more than one 1/8 interest** being reserved, and those multiple undivided interests were owned separately by each of the eight children of Annie Trial that signed the 1949 Deed as grantors.

As the court in *Graham v. Prochaska* found, the word "the" in this royalty provision context is informative and refers to a particular royalty. *Graham v. Prochaska*, 429 S.W.3d, 650, 655 (Tex. App.-San Antonio 2013, petition filed). The word "the" therein denotes a type of royalties, being leasehold royalties, and does not fix the royalty being reserved. In our case, and with the 1949 Deed, the word "the" precedes the phrase "1/8th royalties paid to the landowner(s) upon production of oil, gas and other minerals". It's referring to "the" royalties paid when and if production results, irrespective of which lease is in effect. Thus, it is a floating royalty and floats with the lease in effect when production occurs. Appellant does not and cannot cite to any provision of the 1949 Deed that does not link all provisions together as leasehold royalty in the greater sense, Again, "the" royalties being reserved are floating and adjust with the leasing endeavors over time, which is consistent with the case law on point.

Furthermore, had the eight children of Annie Trial, as both grantors and grantees, only wanted to reserve a single one-eighth (1/8th) undivided royalty interest, *in toto*, as Appellant would have this Court believe, that could have easily been accomplished by simply stating "all grantors reserve an undivided one-eighth (1/8th) royalty interest" or "all grantors reserve a total of a one-eighth (1/8th) royalty interest." However, the 1949 Deed states *"the*

one-eighth (1/8th) *royalties*" (plural), instead of "*a* one-eighth (1/8th) *royalty*" (italics added). Again, the only reasonable explanation and reading is that there were multiple one-eighth (1/8) royalties, each one owned separately by the eight (8) children of Annie Trial and, as such, each of the children wanted to retain their individual 1/8 interest in the royalties.

Accordingly, when the 1949 Deed is read as a whole, the Appellant's claim is without merit, and each of the eight (8) children of Annie Trial reserved their one-eighth (1/8th) royalty interest out of the eight-eighths (8/8) of the royalty.

The rules of construction applied by Texas courts, which are relevant to this situation, are clear, uniform and time tested. Appellants outline the applicable rules of construction as follows:

(a)     In construing a deed, the court first determines if the document is ambiguous, before parole evidence may be considered. Only where the contract is first determined to be ambiguous, may the Court consider the parties' interpretations and admit extraneous evidence to determine the true meaning of the instrument. *Kelly-Copelage, Inc. v. Highlands Insurance*, 980 S.W. 2d 462, 465 (Tex. 1998); *National Union Fire Insurance Co. v. CBI Industries*, 907 S.W.2d 517, 520 (Tex. 1995); *Hunton v. Guardian Life Insurance Co. of America*, 243 S.W.2d 686, 708 (Southern District of Texas 2002).

(b)     Ambiguity, however, is a question of law for the Court to decide. *R&P Enterprises v. Laguarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517, 518 (Tex. 1980). Because ambiguity is a legal question, a court may hold that an agreement is ambiguous even though the parties contend that the contract is unambiguous. *J.M. Davidson v. Webb*, 128 S.W.3d

14

223 (Tex. 2003); *Hewlitt-Packard Co. v. Benchmark Elec's, Inc.*, 142 S.W.3d 554, 561 (Tex. App.-Houston [14th Dist.] 2004)(an agreement by the parties as to an ambiguity is not binding on the Court).

(c)     A contract is not ambiguous if it can be given a definite or certain meaning as a matter of law.  *Columbia Gas v. New Ulm Gas*, 940 S.W.2d 587, 589 (Tex. 1998). However, if the contract is subject to two or more reasonable interpretations after applying the pertinent rules of construction, the contract is ambiguous.  *Universal CIT Credit*, 243 S.W. 2d at 154.  An ambiguity does not arise simply because the parties advanced different interpretations of the contract.  Neither conflicting expectations, nor disputation, are sufficient to create an ambiguity.  *Frobau v. Aetna Life Insurance*, 879 S.W.2d 132, 134 (Tex. 1994).  In other words, for an ambiguity to exist, both interpretations must be reasonable. *Columbia Gas*, 940 S.W.2d at 589.

(d)     In interpreting a written agreement, the Court's primary purpose is to determine the true intentions of the party as expressed in the contract or agreement. *Balandran v. Safeco Insurance*, 972 S.W.2d 738 (Tex. 1998); *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983).  In determining the intent of the parties, the court looks *only* within the four corners of the agreement to see what was actually stated, not what was allegedly meant. *Cooke Composites, Inc. v. Westlake Styrene*, 15 S.W.3d 124, 131 (Tex. App.-Houston [14th Dist.] 2002); *Esquivel v. Murray Guard, Inc.*, 992 S.W.2d 536, 544 (Tex. App.-Houston [14th Dist.] 1999).

(e)     The court determines the intent by examining and considering the entire writing in an effort to harmonize and give effect to all provisions of the contract so that none would be rendered meaningless. *Universal CIT Credit Corp. v. Daniel*, 243 S.W.2d 154, 158 (Tex. 1951). Courts should be particularly wary of isolating or considering a single phrase, sentence, or section of a contract from its surrounding language and the rest of the deed. *State Farm Ins. v. Beaston*, 907 S.W.2d 430 (Tex. 1995). Contract terms are to be given their plain ordinary and generally accepted meanings. *Western Reserved Life Insurance Co. v. Meadows*, 261 S.W.2d 554, 564 (Tex. 1953).

Based upon the relevant rules of construction, and the undisputed facts regarding the 1949 Deed and its components and provisions, Appellees assert that there is no ambiguity presented by the 1949 Deed. Specifically, the Reservation in the 1949 Deed refers to "**royalties**", not "**royalty**", so the plain language indicates there are multiple (1/8th) royalties being reserved, and each of the eight children retained their 1/8th royalty interest. Likewise, the only reasonable reading of the phrase "there is reserved to each of **us** ... **our** undivided 1/8 interest", is that there are **more than one (1/8th) interest** being reserved, and those multiple undivided (1/8th) interests were owned separately by each of the six children of Annie Trial that signed the 1949 Deed as grantors. Accordingly, each of the grantors in the 1949 Deed reserved their one-eighth (1/8th) royalty interest.

In the alternative only, if the Court finds the 1949 Deed to be ambiguous, Appellees assert that the same wording of the 1949 Deed cited above confirms the parties' intent to reserve each of the grantors' 1/8th royalty interest. To determine otherwise, would be to

16

ignore the recitations in the 1949 Deed to "royalties", "each of us" and "our 1/8 royalty interest", which would cause an unreasonable construction of the deed. Again, even if the Court determines that the 1949 Deed is ambiguous, it should also find that each of the grantors in the 1949 Deed reserved their one-eighth (1/8th) royalty interest.

Consequently, Appellant's attempt to rewrite the 1949 Deed, strains the plain and ordinary language of the four corners of the document, and should be given no effect.

Thus, Appellees were entitled to a summary judgment declaring that each of the grantors in the 1949 Deed reserved their one-eighth (1/8th) royalty interest, and this Court should uphold and affirm the lower court's holding.

## REPLY TO ISSUE TWO (Restated)

Whether the 1949 deed should be construed against the Grantor.

Answer: Not in this case. The 1949 Deed is clear and unambiguous. The parties expressed a clear intent to reserve a $1/8^{th}$ floating royalty to all eight of the Trial children. Thus, the granting of the summary judgment was proper.

## ARGUMENT AND AUTHORITIES

A deed is a contract and its terms are interpreted as such. *Tittizer v. Union S Corporation*, 171 S.W.3d 857, 860 (Tex. 2005). The interpretation of an unambiguous deed is a question of law for the court, subject to de novo review. *Anadarko Petroleum Corp. v. Thompson*, 94 S.W.3d 550, 554 (Tex. 2002). In construing an unambiguous deed, a court's primary duty is to ascertain the parties' intent as expressed within the deeds four corners. Id. Court's do not look at the subjective intent of the parties which may be conflicting; instead it is the objective intent as expressed in the deed that controls the court's

17

construction of an ambiguous deed. *Cherokee Water Co. v. Forderhause*, 641 S.W.2d 522, 525 (Tex. 1992). The language as set out in the deed is given its plain, grammatical meaning unless doing so would clearly defeat the parties' intention. *Anadarko*, 94 S.W.3d at 554. One must examine the entire deed in attempt to harmonize all parts of it, and even if different parts are contrary or inconsistent, court's presumed that the parties to the deed intended every clause to have some effect. Id. Thus, a court must attempt to give effect to all provisions of the deed so that no provision will be rendered meaningless. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983).

In the case at bar, the Appellant attempts to rephrase the 1949 Deed based on one rule of construction which strains the plain and ordinary language of the four corners of the deed. This cannot and should not be done. Thus, Appellees are entitled to the summary judgment declaring that each of the eight (8) Trial children, except the mother, Mrs. Annie Trial in the 1949 Deed reserved their 1/8th royalty interest. Therefore, the judgment of the trial court should be affirmed.

## CONCLUSION

Appellees assert that the record in this case contains extensive evidence to support the summary judgment in its favor. Thus, the judgment should be affirmed on appeal. In particular, based upon the relevant rules of construction, the undisputed facts regarding the 1949 Deed and its component provision, there is no ambiguity presented in the 1949 Deed. Specifically, the reservation of the 1949 Deed splits the royalty up as following:

|   |   |   |   |
|---|---|---|---|
| a. | Albertine Trial | Royalty Interest: | 12.5% |
| b. | William J. Trial | Royalty Interest: | 12.5% |
| c. | Valentine Trial | Royalty Interest: | 12.5% |
| d. | Ernest Trial | Royalty Interest: | 12.5% |
| e. | Louise Trial Lyssy | Royalty Interest: | 12.5% |
| f. | Augustine Trial Barnett | Royalty Interest: | 12.5% |
| g. | Leo Trial | Royalty Interest: | 12.5% |
| h. | Alex Trial | Royalty Interest: | 12.5% |

**Total Royalty Interests:** **100.00%**

Consequently, the attempts by the Appellant to rewrite the 1949 Deed, strains the plain and ordinary language of the four corners of the document, and should be given no effect. Thus, Appellees were entitled to a summary judgment declaring that each of the grantors and grantees, except Mrs. Ann Trial, in the 1949 Deed reserved their one-eighth (1/8th) of the royalty interest in its entirety; declaring that Mrs. Annie Trial disposed of all her interest in and to any and all royalties.

## PRAYER

WHEREFORE PREMISES CONSIDERED Appellees pray that this Court find in its favor on the issues in this appeal and affirm this case.

Respectfully Submitted,

HAYDEN & CUNNINGHAM, PLLC
Attorneys at Law
7750 Broadway
San Antonio, Texas 78209
Telephone (210) 826-7750
Facsimile    (210) 822-0916


By:_____
DAVID L. CUNNINGHAM
State Bar No. 00787314
Attorney for Joseph A. Trial


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Appellees Response to Brief was forwarded via facsimile on the ____ day of February, 2015 to the following as indicated:

Mark L. Nastri                                Via Facsimile (972) 934-2310
Nastri Law Firm PLLC
14860 Montford Drive, Suite 209
Dallas, Texas 75254

Brandy R. Manning                          Via Facsimile (432) 253-8601
Burleson LLP
223 W. Wall Street, Suite 400
Midland, Texas 79701

Matthew S. Brysacz                         Via Facsimile (210) 870-2626
Burleson LLP
112 E. Pecan Street, Suite 700
San Antonio, Texas 78205


_____
DAVID L. CUNNINGHAM

20

# APPENDIX

1.     Summary Judgment.
2.     1949 Deed.

NO. 13-04-00098-CVK

| MEDINA INTERESTS, LTD. | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 218TH JUDICIAL DISTRICT |
| | § | |
| WILLIAM PAUL TRIAL, | § | |
| CHARLES BALLARD TRIAL, ET AL | § | KARNES COUNTY, TEXAS |

### ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On *April 1, 2014* and June 24, 2014, the Court considered Defendants' Motion for

Summary Judgment and Plaintiffs Opposing to Defendants' Motion for Summary Judgment.

Plaintiff appeared by and through their attorneys of record.

Defendants appeared by and through their attorneys of record.

After due consideration of the summary judgment evidence, including affidavits and

documentary evidence, and the argument of counsel, this Court GRANTS Defendant's Motion for

Summary Judgment.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment is

GRANTED.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that:

1.     The Warranty Deed recorded on December 21, 1949 reserved the following *GM* ~~floating royalty interest for each child:~~ *Shares of the royalties paid under any current and any future leases oil, gas or mineral leases as follows: MSB*

|  |  |  |
|---|---|---|
| a. | Albertine Trial | 1/8th Floating Royalty Interest |
| b. | William J. Trial | 1/8th Floating Royalty Interest |
| c. | Valentine Trial | 1/8th Floating Royalty Interest |
| d. | Ernest Trial | 1/8th Floating Royalty Interest |
| e. | Louise Trial Lyssy | 1/8th Floating Royalty Interest |

| f. | Augustine Trial Barnett | 1/8th Floating Royalty Interest |
| g. | Leo Trial | 1/8th Floating Royalty Interest |
| h. | Alex Trial | 1/8th Floating Royalty Interest |
| i. | Mrs. Annie Trial | zero (00.00) Interest |

MSB

Therefore, each child or their successors in interest are entitled to separate floating one-eighth (1/8th) ~~royalties~~ *shares* of any ~~royalty~~ *royalties* provided in any existing or future lease.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants are entitled to enforce this judgment through abstract, execution, and any other process.

This judgment fully and finally disposes of all parties and all claims and is appealable such that any and all relief that is not granted is denied.

SIGNED _____June 24_____, 2014.

_____
JUDGE PRESIDING

**APPROVED AS TO FORM AND SUBSTANCE:**

THE LAW OFFICE OF RYAN C. MOE, PLLC
THE ARIEL HOUSE
8118 Datapoint Drive, Suite 102
San Antonio, Texas 78229
E-mail: rmoe@ryancmoelaw.com
Telephone: (210) 614-6400
Facsimile: (210) 614-6401

By_____
RYAN C. MOE
State Bar No. 24046457
Attorney for Defendants

FILED
IN THE OFFICE
OF THE DISTRICT CLERK

JUN 2 4 2014

AT __12:21__ O'CLOCK
DENISE RODRIGUEZ
KARNES COUNTY DISTRICT CLERK

**APPROVED AS TO FORM AND SUBSTANCE:**

BURLESON LLP
Weston Centre
112 East Pecan Street, Suite 700
San Antonio, Texas 78205
Telephone: (210) 870-2600
Facsimile: (210) 870-2626

By_____

MATT BRYSACZ
State Bar No. 24061359
Attorney for Medina Interests, Ltd.

A-169—WARRANTY DEED—With Vendor's Lien, Single, Wife's Separate and Joint Acknowledgment.    Martin Stationery Co., Dallas, Texas

## THE STATE OF TEXAS,

COUNTY OF ___Karnes___

### Know All Men By These Presents:

That We, Mrs.Annie Trial, a widow, Albertine Trial, Wm.J.Trial, Valentine J.Trial, Ernest T.Trial, Louise Trial Lyssy, joined herein by her husband, Emil Lyssy, Augustine Trial Barnett, joined herein by her husband, Glen Barnett,

of the County of   Karnes and       , State of Texas          for and in consideration of

the sum of One Thousand,Three Hundred, Eighty and No/100 ===================

===================================================== DOLLARS,

paid to each trial heir named above, except Mrs.Annie Trial is not to receive any payment for her execution of this deed,

to   us     paid, and secured to be paid, by   Leo Trial and Alex Trial ,   as follows:
all paid in cash, the receipt of which is hereby acknowledged,

have Granted, Sold and Conveyed, and by these presents do Grant, Sell and Convey unto the said

Leo Trial and Alex Trial, share and share alike,

of the County of   Karnes and       , State of   Texas          all the following

our right, title and interest in and to a 278 acre tract of land out of the N.Seguin Grant, in Karnes County, Texas, being the "Second Tract" set aside to J.F.H.Trial by partition deed, and described as follows, to wit:-

Beginning at the S.W.Corner of 1957 acres of which this is a portion, this corner is north about 7.2 Vrs. from the south line of the N.Seguin grant, being the S.E.Corner of the Sd Cndrej tract of land. Thence with the west line of the Joseph Trial tract of land, N.2-1/2 E. 2387 Vrs. to a stake for the N.W.Corner this tract of land and the S.W.Corner of a tract of 205 acres of land surveyed for L.J.Trial.

Thence with the south line of the 205 acre tract of land, S.87-1/2 E. 702 Vrs. to a stake for N.E.Corner of this tract of land, and the N.W.corner of the 178 acre tract of land surveyed for F.H.Trial, from which a live oak 6 In. Dia. Mkd. X Brs. S.25 W. 15 Vrs.

Thence S. 2-3/4 W.2215 Vrs. to a stake in the north line to the Bueche or Hobson-New Bremen Public Road for the S.E.Corner of this tract of land and the S.W.Corner of the 178 acre tract of land surveyed for F.H.Trial.

Thence with the north line of the public road, S.86 W. 700 Vrs. to the place of beginning, containing 278 acres of land as surveyed by A.Conrads on the 16th and 17th days of December, 1935. A small part of this tract of land has been taken for roads, and there is now in said tract of land about 277 acres of land.

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records by me written and I hereby certify on ___April 4,2013___
Carol Butch, County Clerk
Karnes County, Texas
by Lynn Schroeder Deputy



EXHIBIT

C

22

There is reserved to each of us signing this deed, except Mrs. Annie Trial, our undivided interest in and to the 1/8 royalties paid the land owner upon production of oil, gas and other minerals from said 278 acre tract of land hereby conveyed, and this reserved royalty interest reserved to each of us shall be non-participating and perpetual.

It is agreed and here stipulated that the 1/8 royalties paid the land owner upon production of oil, gas or other minerals is hereby pooled among all the grantors and grantees to this deed, except grantor, Mrs. Annie Trial who shall not participate in said royalties, and in case of the production of oil, gas or other minerals from said tract of land, each of the trial heirs named above, except the said Mrs. Annie Trial, shall share in said royalties equally.

It is understood that the said Leo Trial and Alex Trial shall have the right to lease said tract of land for oil, gas or other minerals, without the joinder of the grantors herein, or their heirs or assigns, and that said grantees shall have the right to collect the bonus moneys and delay rentals arising out of said mineral leases, but in case of production of oil, gas or other minerals from said tract of land in paying quantities each of the Trial Heirs, either grantor or grantee, except Mrs. Annie Trial, shall share equally in said pooled royalties.

Of course Mrs. Lyssy and her said husband shall only receive one share, and Mrs. Barnett and her husband, one share of said pooled royalties, and Mrs. Annie Trial shall not receive any part of said pooled royalties.

TO HAVE AND TO HOLD the above described premises, together with all and singular, the rights and appurtenances thereto in anywise belonging unto the said Leo Trial and Alex Trial, share and share alike, subject to such reserved royalty interest, their

heirs and assigns forever; and we do hereby bind ourselves, our heirs, executors and administrators, to Warrant and Forever Defend all and singular the said premises unto the said Leo Trial and Alex Trial, their

heirs and assigns, against every person whomsoever lawfully claiming, or to claim the same, or any part thereof.

~~But it is expressly agreed and stipulated that the Vendor's Lien is retained against the above described property, premises and improvements until the above described note and all interest thereon are fully paid according to _____ face and tenor, effect and reading, when this deed shall become absolute~~

Witness Our hand s xxx this 1st day of

September, A.D. 19 49.

Witnesses at Request of Grantor:

*Augustine Trial Barnett*
*Henry Barnett*
*Lonie Trial Lyssy*
*Emil Lyssy*

*Agustine Trial*
*Mrs. Annie Trial*
*Valentine J. Trial*
*Wm. J. Trial*
*Ernest L Trial*

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on April 14, 2013
Carol Sutton, County Clerk
Karnes County, Texas
By Elyssa Schuebler

## THE STATE OF TEXAS,

COUNTY OF Karnes

a notary public in and for Karnes County, Texas, on this day personally appeared king Annie Trial, a feme sole,

known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, This 3 day of September, A. D. 1942.

Sine Blakeney

Notary Public, Karnes County, Texas.

## THE STATE OF TEXAS,

COUNTY OF

BEFORE ME

in and for County, Texas, on this day personally appeared

wife of

known to me to be the person whose name is subscribed to the foregoing instrument, and having been examined by me privily and apart from her husband, and having the same fully explained to her, she, the said

acknowledged such instrument to be her act and deed, and she declared that she had willingly signed the same for the purposes and consideration therein expressed, and that she did not wish to retract it.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, This day of , A. D. 19

## THE STATE OF TEXAS,

COUNTY OF Karnes

a notary public in and for Karnes County, Texas, on this day personally appeared Glenn Barnett and Augustine Trial Barnett,

his wife, both known to me to be the persons whose names are subscribed to the foregoing instrument, and acknowledged to me that they each executed the same for the purposes and consideration therein expressed, and the said Augustine Trial Barnett wife of the said Glenn Barnett having been examined by me privily and apart from her husband, and having the same fully explained to her, she, the said Augustine Trial Barnett acknowledged such instrument to be her act and deed, and she declared that she had willingly signed the same for the purpose and consideration therein expressed, and that she did not wish to retract it.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, This 3 day of September, A. D. 1942.

Sine Blakeney

Notary Public, Karnes County, Texas,

## THE STATE OF TEXAS,

COUNTY OF

I,

County Clerk of the County Court of said County, do hereby certify that the foregoing instrument of writing dated on the day of , A. D. 19 , with its Certificate of Authentication, was filed for record in my office on the day of , A. D. 19 , at o'clock M., and duly recorded this day of , A. D. 19 , at o'clock M., in the Records of said County, in Volume , on page

WITNESS my hand and seal of the County Court of said County, at office in the day and year last above written.

Clerk County Court County, Texas.

(L. S.) By Deputy.

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the official Public records in my office, and I hereby certify on April 4, 2013
Carol Surber, County Clerk
Karnes County, Texas
by Elyssa Schroeder

TERRITORY OF HAWAII
CITY of and County
of Honolulu

Before me, the undersigned authority in and for the said Territory of Hawaii, on this day personally appeared Ernest T. Trial, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

under my hand (and seal of office) this the ___ day of A.D. 1949 (but cut it no seal)

NOTARY PUBLIC, FIRST JUDICIAL CIRCUIT,
TERRITORY OF HAWAII
MY COMMISSION EXPIRES, JUNE 30, 1948.

---

SINGLE ACKNOWLEDGEMENT

THE STATE OF TEXAS }

COUNTY OF }

BEFORE ME, the undersigned, a Notary Public in and for said County and State, on this day personally appeared Valentine J. Trial,

known to me to be the person whose name is subscribed to the foregoing instruments, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this the 3 day of Sept. A. D. 19 49.

(L. S.)

_____
Notary Public in and for Karnes County, Texas.

---

SINGLE ACKNOWLEDGEMENT

THE STATE OF TEXAS }

COUNTY OF Bee }

BEFORE ME, the undersigned, a Notary Public in and for said County and State, on this day personally appeared Wm. J. Trial

known to me to be the person whose name is subscribed to the foregoing instruments, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this the ___ day of Sept. A. D. 19 49.

(L. S.)

_____
Notary Public in and for Bee County, Texas.

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records
hereby certify on April 10, 2013
Carol Svoboda, County Clerk
Karnes County, Texas
by Elyssa Edwards

SINGLE ACKNOWLEDGEMENT

THE STATE OF TEXAS }
COUNTY OF

BEFORE ME, the undersigned, a Notary Public in and for said County and State, on this day personally appeared **Albertine Trial , a single woman,** known to me to be the person whose name **is** subscribed to the foregoing instruments, and acknowledged to me that **she** executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this the **5** day of **Sept.** A. D. 19 **49.**

Notary Public in and for, **Karnes** County, Texas.

(L. S.)

---

JOINT ACKNOWLEDGEMENT

THE STATE OF TEXAS }
COUNTY OF Karnes

BEFORE ME, the undersigned, a Notary Public, in and for _____ County, Texas, on this day personally appeared _____ **Emil Lysay** _____ and _____ **Louise Trial Lysay** _____ his wife, both known to me to be the persons whose names are subscribed to the foregoing instruments, and acknowledged to me that they each executed the same for the purposes and consideration therein expressed, and the said **Louise Trial Lysay** wife of the said **Emil Lysay** having been examined by me privily and apart from her husband, and having the same fully explained to her, she, the said **Louise Trial Lysay** acknowledged such instrument to be her act and deed, and she declared that she had willingly signed the same for the purposes and consideration therein expressed, and that she did not wish to retract it.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, This **7** day of **September** A. D. 19 **49.**

J. M. _____
Notary Public, Karnes County, Texas. _____

(L. S.)

---

No. 27598

A-100

**WARRANTY DEED**

With Vendor's Lien, Single, Wife's Separate and Joint Acknowledgments.

FROM
Mrs. Annie Trial et al

TO
Geo. Trial and Olen Trial

FILED FOR RECORD

RECORDED

---

RECORDED this **21** day of December A. D. 1949 at **8:50** o'clock A. M.

T. H. Stewart, County Clerk   By _____ Deputy

---

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on **April 14, 2013**
Carol Switz, County Clerk
Karnes County, Texas
By _____ Deputy

26